By the Court.—Speir, J.
The firm of Newman & Bernhard, being embarrassed in business, entered into a composition agreement with their" creditors to pay .thirty cents on a dollar in full satisfaction of their indebtedness, and gave, in payment thereof, the plaintiff’s promissory notes, with the debtor’s indorsements, payable in two, four and six months. The plaintiff and defendants entered into a written agreement between themselves, unknown to the other creditors, that the plaintiff should give his promissory note for $978.79, in addition to the thirty per cent., payable to the order of the defendants, which was not to be used till all the creditors of Newman & Bern-hard had signed the composition agreement. The note was paid in the hands of third parties after suit was brought, but before judgment.
That the note was without consideration, and the agreement to give it was a fraud upon the other creditors, is conceded by both sides. It is a general rule that courts will not aid either party in enforcing an illegal executory contract, nor, if executed, will they aid either party in setting it aside, or in recovering back what has been paid under it. This results from the established elementary principle that all contracts Or agreements which have for their object anything repugnant to the general policy of the common law, or contrary to the provisions of any statute, are void and not to be enforced. The whole transaction, the agreement to give the note, and giving it to the defendants to hold until the creditors should sign the composition deed, and the payment of the money to the defendants, was illegal and void. If the act of the plaintiff was voluntary he has no case against the defendant to recover back the money paid, for he cannot avail himself of his own unlawful act. Where both parties are equally guilty, neither can excuse or justify his conduct by appealing to the law.
*83 The allegation in the complaint is in substance that the agreement and the making and delivery of the note were unknown to, and were by the defendants fraudulently concealed from, the other creditors, and was first proposed by the defendants to plaintiff ; and the object and purpose thereof on the part of the defendants was that they should receive the note in addition to the sum mentioned and paid by the terms of the composition agreement, in fraud of other creditors and their rights. Whether the scheme which was devised and carried out between the parties was first suggested by the defendants as charged, is of no importance. The plaintiff was equally bound with the defendants to disclose the whole transaction to the other creditors. It is in all cases the concealment of the fact which was material for them to know, the knowledge of which might have prevented their own assenting to the composition agreement (Britton v. Hughs, 5 Bing. 466, Best, Ch. J.).
There is nothing in the allegation that the defendants subjected the plaintiff to any coercion which would justify an action against them either for the return of the note or the money paid on it, or for damages of any kind. There is no averment that the defendants or either of them ever made or attempted to make any threats against the plaintiff or against his brother-in-law, Newman. What they did do, as alleged, they insisted upon his making and delivering the agreement between them and the plaintiff, and the giving the promissory note, and absolutely refused to execute the composition agreement unless the plaintiff complied with their demand. This the defendants had the right to do. They could refuse to execute a discharge of the debtors absolutely, or could exact conditions, provided the other creditors had knowledge-thereof, and it is plain that the plaintiff was equally guilty in withholding that knowledge from the other creditors.
*84 To relieve the plaintiff from the consequences of his participation in the fraudulent transaction, and to enable him to recover the money he had paid to the defendant, he sets up that his action therein was involuntary and by compulsion, and he cannot, therefore, in law, be regarded as having acted at all. He says the defendants knowingly and fraudulently took advantage of the feelings, sympathies and sensibilities he had for his brother-in law, Newman, to compel him to execute the agreement to give his note. Duress by threats cannot be claimed, since, as before shown, no threats of any kind are alleged. The defense then must rest upon the naked statement that Newman was the plaintiff’s brother-in-law, and the defendants knew it. Ho facts are stated by which the plaintiff’s will was restrained or influenced by the defendants, other than the affinity which existed between the plaintiff and Newman. The plaintiff was not related by blood to the debtor, nor was he a member of his family. By the Civil Code of Louisiana, which, in this respect, is a transcript of the French Code, the causes of nullity for duress- are 'limited, not only where they are exercised on the contracting party, but also when the wife, the husband, the descendants or ascendants of the party are the object of them (2 Civil Code of Louisiana, § 1847). Affinity means the tie which arises from the marriage between the husband and the blood relations of his wife, and between the wife and the blood relations of the husband (Vaughn, 302, 329; Biffin v. Bignell, 7 Hurl. & N. 877). I am unable to find any case either in the civil or common law where the party complaining of moral duress to avoid a contract was a relation by affinity. Even if such a case could be found, in order to sustain the complaint we must hold that the statement per se of the plaintiff’s being the brother-in-law of the debtor is a sufficient duress to *85 avoid the contract, there being neither threats nor facts showing compulsion in the complaint.
The judgment must be reversed, and the complaint dismissed, with costs.
Van Vorst, J., concurred.